IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17-CR-355 |
| vs. | |
| DONALD BLEVINS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has filed an objection (filing 36) to the presentence report and a motion for variance (filing 43).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report (filing 36). Specifically, the defendant

> objects to the assessment of two points for distribution per [U.S.S.G. §] 2G.2(b)(3)(F). It is Defendant's position that merely exchanging passwords and access numbers does not constitute distribution. In addition, there is insufficient eviden[ce] that the exchange of information was for the purpose of viewing child pornography. Rather the "chat rooms" were for the purpose of chatting and not necessarily for the purpose of viewing child pornography.

*See* filing 36 (adopting objection noted in addendum to revised presentence report).

To the extent that the defendant is arguing it is not "distribution" to provide a password or other information necessary to access a source of child pornography, the Court rejects that argument. "'Distribution' means any act . . . related to the transfer of material involving the sexual exploitation of a minor." § 2G2.2 cmt. n. 1. Sharing access to child pornography is clearly "distribution" within the meaning of § 2G2.2. *See United States v. Bennett,* 839 F.3d 153, 161 (2d Cir. 2016); *see also United States v. Laurie,* No. 17-CR-12, 2017 WL 5611300, at *3 (D. Minn. Nov. 21, 2017); *cf. United States v. Furman,* 867 F.3d 981, 987-88 (8th Cir. 2017).

To the extent, however, the defendant is contending that the evidence doesn't show he knew that providing passwords and access numbers was providing access to child pornography, he presents a factual dispute on which the government has the burden to present evidence at sentencing. *See United States v. Benson,* 715 F.3d 705, 708 (8th Cir. 2013). Accordingly, the Court will resolve the defendant's objection at sentencing.

3. The defendant also moves for a downward variance based on his personal characteristics. Filing 43. The Court will resolve that motion at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that

the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of July, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge